IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division
7:24-CV-4-BO-BM

| | | |
|---|---|---|
| MORAG BLACK POLASKI, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **DEFENDANTS' JOINT** |
| v. | ) | **MOTION TO DISMISS** |
| | ) | |
| ERNIE LEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Defendants Ernie Lee, Benjamin R. David, Nancy Lorrin Freeman, Ashlie Shanley, and Spencer B. Merriweather III, in their official capacities as District Attorneys of their respective prosecutorial districts (the "District Attorneys"), and A. Todd Brown, in his official capacity on behalf of the North Carolina State Bar (the "State Bar"), respectfully request that the Court dismiss Plaintiffs' first amended complaint pursuant to Rule 12(b)(6), with prejudice. In support of this motion, Defendants show the Court the following:

1.      Plaintiffs initiated this lawsuit by filing the complaint against one defendant, the Attorney General of North Carolina, on 4 January 2024. (Dkt. 1.) The Attorney General moved to dismiss on 26 February 2024. (Dkt. 13.)

2.      On 18 March 2024, Plaintiffs filed their first amended complaint, which essentially operated as a substitution of defendants. (Dkt. 16.) Plaintiffs no longer asserted claims against the Attorney General, and instead asserted their claims against the District Attorneys and the State Bar. The official-capacity claims against Mr. Brown, who currently serves as President of the North Carolina State Bar, are in effect claims against the State Bar. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

3.     The filing of the amended complaint mooted the Attorney General's motion to dismiss the claims originally asserted against that office.  (*See* Text Order of 24 Apr. 2024.)

4.     Plaintiffs include two paralegals and an unincorporated nonprofit association of which they are purportedly members.

5.     In the amended complaint, as in the original complaint, Plaintiffs assert two claims under 42 U.S.C. § 1983 and the First Amendment's freedom-of-speech clause. Plaintiffs argue that they have a First Amendment right to engage in the practice of law by offering legal advice to third parties.  Plaintiffs' legal advice would include how to fill out court-created forms for litigation matters in North Carolina's state courts.  Plaintiffs' clients would receive this legal advice for free in some cases, and would pay Plaintiffs for it in others.  Plaintiffs' clients would then file those forms and appear *pro se* before the courts.

6.     Based on this First Amendment theory, Plaintiffs seek a declaratory judgment and permanent injunction barring enforcement of the North Carolina statutes that collectively prohibit the practice of law by nonlawyers such as Plaintiffs.  These statutes, found in Chapter 84 of the North Carolina General Statutes, are referred to in this motion and the supporting brief as the "UPL Statutes."  Plaintiffs contend that the UPL Statutes must be evaluated under strict scrutiny.

7.     In North Carolina, the General Assembly defines the practice of law.  The District Attorneys and the State Bar have been charged by the General Assembly with criminal and civil enforcement of the UPL Statutes.

8.     Controlling authority requires dismissal of the amended complaint under Rule 12(b)(6).  The Fourth Circuit has affirmed the UPL Statutes – and particularly the prohibition on nonlawyers practicing law – in a case based on the same First Amendment theory advanced by Plaintiffs.  *See Capital Associated Industries, Inc. v. Stein*, 922 F.3d 198 (4th Cir. 2019), *cert. denied*, 140 S.Ct. 666 (2019) ("*CAI*").  The Fourth Circuit held that

these arguments should be evaluated under intermediate scrutiny, which the UPL Statutes satisfy. In so holding, the Fourth Circuit, like the district court before it, rejected arguments that a plan to offer legal advice through speech (so-called "pure speech" according to Plaintiffs, like *CAI* argued before them) requires strict scrutiny. As in *CAI*, the UPL Statutes regulate conduct, and "any impact the UPL Statutes have on speech is incidental to the overarching purpose of regulating who may practice law." *Id.* at 207.

9. Under intermediate scrutiny, the UPL Statutes must advance a substantial state interest, and must be sufficiently drawn to protect that interest. *Id.* at 209. The Fourth Circuit's analysis in *CAI* controls on both points. In turn, *CAI* establishes that Plaintiffs cannot state a claim that the UPL Statutes' prohibition on the practice of law by nonlawyers violates the First Amendment.

10. This motion is supported by a concurrently filed brief.

**WHEREFORE**, the District Attorneys and State Bar jointly and respectfully request that the Court dismiss the amended complaint in full and with prejudice.

This the 20th day of May, 2024.

/s/ Stephen M. Russell, Jr.
Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar No. 35552
MULLINS DUNCAN HARRELL
   & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone: 336-645-3320
Facsimile: 336-645-3330
aduncan@turningpointlit.com
srussell@turningpointlit.com

*Attorneys for Defendant A. Todd Brown,*
*in his official capacity*

/s/ Elizabeth Curran O'Brien
Elizabeth Curran O'Brien
Special Deputy Attorney General
N.C. State Bar No. 28885
Chris D. Agosto Carreiro
Special Deputy Attorney General
N.C. State Bar No. 45356
NORTH CAROLINA DEPARTMENT
    OF JUSTICE
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: 919-716-0091
Facsimile: 919-716-6755
eobrien@ncdoj.gov
ccarreiro@ncdoj.gov

*Attorneys for Defendants Ernie Lee, Benjamin R. David, Nancy Lorrin Freeman, Ashlie Shanley, and Spencer B. Merriweather III, in their official capacities*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of filing to all counsel of record.

This the 20th day of May, 2024.

/s/ Stephen M. Russell, Jr.
Stephen M. Russell, Jr.